842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. CAMPBELL, Defendant-Appellant.
 No. 87-7720.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1988.
Decided March 25, 1988.
 
 Keith A. Campbell, appellant pro se.
 John C. Belcher, Office of the United States Attorney, for appellee.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Keith Anthony Campbell pled guilty in 1985 to one count of mail fraud in violation of 18 U.S.C. Sec. 1341, and was sentenced to five years' imprisonment. Campbell moved prior to sentencing to withdraw his plea, contending that he only pled guilty because he thought he would be released on bond, but the district court denied this motion, and this ruling was affirmed on appeal. United States v. Campbell, No. 85-5295 (4th Cir. Aug. 26, 1986) (unpublished). Campbell then moved for relief from his conviction pursuant to 28 U.S.C. Sec. 2255, claiming that his attorneys were ineffective in telling him that he would receive two years if he pled guilty but that he should deny the existence of such a promise at his plea hearing, in telling him that the prosecutor would remain silent at sentencing, and in telling him that he would be released after service of nine months. Campbell's former attorneys filed affidavits denying that they had told Campbell that such an agreement existed and stating that they had only discussed predictions of possible sentences with Campbell. The district court denied relief under Sec. 2255.
 
 
 2
 On appeal Campbell contends that the district court erred in denying relief without conducting an evidentiary hearing. We reject this contention, finding Campbell's allegations concerning an agreement outside the terms disclosed at the plea hearing to be so "palpably incredible" when viewed against the record that an evidentiary hearing was unnecessary. Blackledge v. Allison, 431 U.S. 63, 76 (1977) (quoting Machibroda v. United States, 368 U.S. 487, 495-96 (1962)). Not only did Campbell deny under oath at his plea hearing the existence of any promises outside the terms of the written agreement, he also volunteered both at his plea hearing and his plea withdrawal hearing a lengthy explanation of why he pled guilty. In this process, Campbell explained that the Government had agreed only to drop one count of the indictment, that he did not consider this a sufficient inducement to plead guilty, that he had expected to be released on bond if he pled guilty, and that his only consideration in pleading guilty was to obtain his release on bond. Campbell's present claim that he would not have pled guilty but for his attorneys' promise that he would receive a two-year sentence is contradicted by his prior sworn testimony at the plea hearing and plea withdrawal hearing, and is incredible in light of this testimony. The record thus refutes any reasonable probability that Campbell would not have pled guilty but for a false promise made by his attorney, and defeats Campbell's claim of ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 3
 We accordingly find that the district court properly denied Sec. 2255 relief without resort to an evidentiary hearing. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.